UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| CLIFTON B. DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-CV-309-KSF |
| | ) | |
| V. | ) | |
| | ) | |
| BUREAU OF PRISONS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Clifton B. Davidson is a prisoner incarcerated in the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, on September 26, 2011, Davidson filed a complaint asserting claims against the federal Bureau of Prisons ("BOP") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). [R. 1] The BOP filed a motion to dismiss the complaint, or in the alternative, for summary judgment [R. 13] and Davidson filed a cross motion to dismiss or for summary judgment [R. 16]. Because the BOP responded to Davidson's FOIA request, no case or controversy remains for adjudication, and the Court will grant the BOP's motion for summary judgment.

## BACKGROUND

In his complaint, Davidson alleged that in the Spring of 2010, the American Correctional Association ("ACA") conducted an audit of FMC-Lexington. On March 3, 2010, he sent a letter requesting the results of the ACA audit to the Department of Justice's ("DOJ") Office of Policy Information, and on March 18, 2010, the DOJ received Davidson's request and forwarded it to the BOP. In a June 8, 2010, letter, the BOP advised Davidson that it had identified documents

responsive to his request, estimated the number of pages involved, and requested that he prepay the necessary copying fees pursuant to 28 C.F.R. § 16.11.

Davidson alleged that, although he objected in writing to the BOP's characterization of the documents he had requested and the scope of the documents the BOP indicated it would provide him, he authorized the BOP to deduct the $33.70 copying charge from his inmate account. However, Davidson alleged that he never received the documents, and that on November 4, 2011, the $33.70 copying fee - previously deducted from his inmate account - was refunded to his inmate account without explanation. Davidson contended that the BOP violated FOIA by requiring him to pre-pay for copies and then withholding the documents for which he had paid, and demands unspecified damages. Davidson further requested that the BOP be found in violation of FOIA, ordered to refund the copying fee, and directed to provide him with the documents requested in his letter.

In its motion for summary judgment, the BOP submitted the sworn Declaration of Clinton D. Stroble, Assistant General Counsel in the BOP's FOIA/ Privacy Act Section. [R. 13-1] Stroble acknowledges that due to an oversight by Alecia Sillah, a former BOP employee, the BOP failed to properly respond to Davidson's document requests. On June 8, 2010, Sillah wrote Davidson a letter acknowledging his document request and informing him that he would have to pay the requisite copying fee before his documents would be provided. Sillah then left the BOP's employ, but when BOP officials searched her e-mail records, they found a draft letter containing contradictory information about Davidson's document request. In one passage, the letter stated that Davidson's check had been received but would be returned, while in another it stated that his document request would be processed. The BOP later returned Davidson's funds to his inmate account, but failed to explain that it would not be processing his FOIA request. Stroble states that the BOP recognized its

2

error after being directed to respond to Davidson's complaint, and that he has since re-opened Davidson's FOIA request and assigned another FOIA specialist to process his request for documents. [R. 13-1, p. 3, ¶ 5]

The BOP argues that there is no longer an active case or controversy because it is actively processing Davidson's FOIA request, and that therefore the Court lacks subject matter jurisdiction over this proceeding. [R. 13, pp. 2-4] It further contends that Davidson is not entitled to "expedited" production of the documents he requested, and that Davidson is ineligible for attorneys fees under 5 U.S.C. § 552(a)(4)(E) because he is proceeding without counsel. [R. 13, pp. 5-6] Davidson counters that the Court has subject matter jurisdiction over this proceeding because the BOP has improperly withheld agency records which he requested in 2010, and the fact that its failure to process his FOIA requests stemmed from a former employee's error or agency oversight is irrelevant. [R. 15, pp. 1-10] Davidson clarifies that he was not requesting "expedited" production of documents, but instead was asking the Court to "use its sound discretion in fashioning an appropriate order for the remedy." [*Id.*, p. 12] Davidson requests an award for his court costs but acknowledges that he is not entitled to attorney's fees. [*Id.*, pp. 12-14] Finally, Davidson requests cross-summary judgment, specifically, an order directing the defendants to produce the documents "at a time the Court chooses." [R. 16, p. 15]

On August 1, 2012, the BOP filed a reply advising that it had processed Davidson's FOIA request and would send the responsive documents to him once he had prepaid the $37.20 copying fee as required by 28 C.F.R. § 16.11(c). [R. 20, p. 1] Having complied with its obligations under FOIA, the BOP reiterated its argument that a case and controversy no longer exists, warranting dismissal. Davidson initially objected to prepayment of the copying fee, an objection he later

withdrew. [R. 22, 23] Davidson does question whether the BOP has properly interpreted his FOIA request, and speculates that the documents collected by the BOP may not be responsive to his request. [R. 22, pp. 1, 2]

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "there is no genuine dispute as to any material fact [.]" Fed. R. Civ. P. 56(a). "FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D .C. Cir. 2009) (*citing Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993) and *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13 (D.D.C. 1980)). *See also Rugiero v. DOJ*, 257 F.3d 534, 544 (6th Cir. 2001) ("Procedurally, district courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery.").

In his complaint, Davidson demanded that the BOP respond to his March 2010 FOIA request. The BOP has since compiled 372 pages of documents responsive to his request and notified him that it will provide the documents upon prepayment of the $37.20 copying fee. The BOP has now provided the relief which Davidson sought, rendering the matter moot. Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief. *Berger v. Cuyahoga County Bar Assoc.*, 983 F.2d 718, 724 (6th Cir. 1993). In addition, Article III of the Constitution only permits federal courts to adjudicate actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The case-or-controversy requirement continues through all stages of federal judicial proceedings, trial and appellate. *Berger*, 983 F.2d at 724. Because the BOP has now provided Davidson with the

relief he sought through this action, a case and controversy no longer exists between Davidson and the BOP, requiring dismissal.

Admittedly, more than two years have passed since Davidson first submitted his FOIA request in March 2010. But that delay does not change the fact that Davidson's claims are now moot. Stroble's declaration establishes that the BOP's earlier failure to respond resulted from a good faith mistake by a former employee. While that delay is regrettable, even a two-year delay in responding to a FOIA request does not warrant judicial relief. *See Cornucopia v. United States Dept. of Agriculture*, 560 F.3d 673 (7th Cir. 2009) (affirming denial of relief where Department of Agriculture failed to respond to FOIA requests for several months before suit was filed but provided documents shortly thereafter); *Benavides v. Bureau of Prisons*, 993 F.2d 257, 258 (D.C. Cir. 1993) (denying relief notwithstanding unexplained two-year delay in response); *see also Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) (holding that no matter how "fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."). Thus, the BOP's admitted delay in responding to Davidson's FOIA requests does not warrant judicial intervention.

Further, other than anger and frustration, Davidson has not suffered any physical injury as a result of the BOP's two-year delay in responding to his FOIA request. Federal law requires a prisoner to show physical injury as a prerequisite to recovery. 42 U.S.C. § 1997e(e) (precluding any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury."). *See also Harden Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (prisoner's claims of emotional distress were properly dismissed because he alleged no physical injury resulting from defendants' alleged actions).

5

Davidson expressed concern that the documents the BOP assembled may not be responsive to his FOIA request. [R. 22] But Davidson's complaint sought only a response to his FOIA request from the BOP, relief which he has now received, and any future challenge to the sufficiency of that response is both premature and a matter outside the scope of this proceeding. Further, the court accords an agency's statements "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *CareToLive v. U.S. Food and Drug Admin.*, 2009 WL 1794489, at *2 (S.D. Ohio, June 23, 2009) (citing *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)); *see also Carney v. DOJ*, 19 F.3d 807, 813 (2d Cir. 1994).

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.    The motion to dismiss filed by the Bureau of Prisons [R.13] is **DENIED**; the Motion for Summary Judgment filed by the Bureau of Prisons [R. 13] is **GRANTED**.

2.    The Motion for Summary Judgment filed by Clifton B. Davidson [R. 16] is **DENIED**.

3.    The Court will enter an appropriate judgment.

4.    This action is **STRICKEN** from the docket of the Court.

This November 6, 2012.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**