UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| CLIFTON B. DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-CV-309-KSF |
| | ) | |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Plaintiff Clifton B. Davidson has filed a motion seeking relief from the Order dismissing his complaint filed under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Davidson's motion also seeks an order awarding him court costs of $793.00, arguing that he has "substantially prevailed" in this FOIA action. [R. 26] The Court will deny Davidson's motion because he has not established grounds warranting relief from the Order dismissing his FOIA complaint. However, pursuant to 5 U.S.C. § 552(a)(4)(5) and 28 U.S.C. § 1920(1), the Court will grant Davidson partial relief as to his request for his court costs, and will order the BOP to reimburse Davidson for the $350.00 filing fee, which he has paid in full.

## BACKGROUND

In his FOIA complaint, Davidson alleged that in early 2010, the American Correctional Association ("ACA") audited FMC-Lexington; that on March 3, 2010, he sent a letter requesting the results of the audit to the Department of Justice's ("DOJ") Office of Policy Information; that on March 18, 2010, the DOJ received Davidson's request and forwarded it to the BOP; and that in a June 8, 2010, letter, the BOP advised Davidson that it had identified documents responsive to his

request, estimated the number of pages involved, and requested that he prepay the necessary copying fees pursuant to 28 C.F.R. § 16.11.  Davidson alleged that he authorized the BOP to deduct the $33.70 copying charge from his inmate account but that he never received the documents, and that on November 4, 2011, the $33.70 copying fee, previously deducted from his inmate account, was refunded to his inmate account without explanation

Davidson claimed that the BOP had violated FOIA by withholding the documents for which he had paid.  He demanded unspecified damages, and an order (1) finding the BOP in violation of FOIA, (2) refunding his copying costs, and (3) directing the BOP to provide him with the documents he had requested in his letter.  In April 2012, the Court directed the BOP to respond to Davidson's FOIA claims.  [R. 10]

The BOP filed a motion to dismiss the complaint, or in the alternative, for summary judgment.  [R. 13]  Clinton D. Stroble, Assistant General Counsel in the BOP's FOIA/ Privacy Act Section, acknowledged that due to an oversight by a former employee, the BOP failed to properly respond to Davidson's document requests between June 2010 and June 2012. [R. 13-1, ¶¶ 4-5] Stroble further explained that after being directed to respond to Davidson's complaint, the BOP recognized its error, re-opened Davidson's FOIA request, and assigned another FOIA specialist to process his request for documents.  [*Id.*]  The BOP argued that because it had begun processing Davidson's FOIA request, an active case or controversy no longer existed, and the Court lacked subject matter jurisdiction over the case; that Davidson was not entitled to "expedited" production of the documents he requested; and that Davidson was ineligible for attorneys fees under 5 U.S.C. § 552(a)(4)(E) because he was proceeding without counsel.  [R. 13, pp. 2-4; 5–6]

Davidson responded that the Court had subject matter jurisdiction over this proceeding because the BOP had improperly withheld agency records which he requested in 2010, and had admitted that its failure to comply with his request stemmed from a former employee's error and/or agency oversight.  Davidson requested the production of the requested documents and for his court costs, but acknowledged that he was not entitled to attorney's fees. [R. 15, pp. 12–14]  On August 1, 2012, the BOP replied that it had compiled 372 pages of documents responsive to Davidson's request and would send the documents to him once he had prepaid the $37.20 copying fee as required by 28 C.F.R. § 16.11(c).  [R. 20, p. 1]

On November 6, 2012, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") and Judgment granting the BOP's motion for summary judgment.  The Court determined that, while the BOP had failed to respond to Davidson's FOIA request for over two years, under the applicable case law no case or controversy remained because the BOP had begun processing Davidson's FOIA request.  [R. 24, 25]

Davidson then filed his motion under Federal Rule of Civil Procedure 60(b) seeking relief from the Opinion and Order.  Davidson argues that the BOP was neither procedurally nor substantively entitled to summary judgment; that the government's description of what it intended to provide to him does not match his requests; that since August 2012, he had tried to pay the copying fee twice but that the BOP had not provided him with the documents for reasons out of his control; that as a prevailing party, he is entitled to his costs of almost $793.00; and that both the BOP and the Court failed to address his earlier request seeking his costs.  [R. 26]

The BOP responds that relief from judgment is not warranted because the Court did not make a mistake of either fact or law.  The BOP further explains that when Davidson mailed a check for

$37.20 to cover the cost of his FOIA requests to Nancy Culbertson, a FOIA specialist, he made the check payable to Culbertson, not the BOP, and that because of Davidson's error, the check had to be returned to Davidson and the delivery of documents to him was necessarily delayed.  [R. 28, p. 1; Stroble Decl., R, 28-1, ¶¶ 2-4]  The BOP did not address Davidson's request for his costs.  On December 27, 2012, Davidson replied that the judgment should be vacated and reiterated that he is entitled to his costs of $793.00.  [R. 29]

**DISCUSSION**
1. Motion for Relief From Judgment

Davidson seeks relief from the judgment under Federal Rule of Civil Procedure 60(b), but because he filed his motion ten days after entry of the Opinion and Order was entered, he may have intended to seek relief under Rule 59(e).  Under either rule, Davidson is not entitled to post-judgment relief.

Federal Rule of Civil Procedure 59(e) provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice.  *See also ACLU of Ky. v. McCreary County, Ky*., 607 F.3d 439, 450 (6th Cir. 2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).  A district court has discretion to grant or deny a Rule 59(e) motion.  *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999).  Re-argument is not an appropriate purpose for a motion to reconsider. *Davenport v. Corrections Corp. of America*, No. 05-CV-86-HRW, 2005 WL 2456241 (E.D. Ky. Oct. 4, 2005).  Rule 60(b)(6) provides relief from judgment only in the unusual and extreme situation

when "principles of equity" mandate relief. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Davidson cannot satisfy either the first criterion of Rule 59(e) or the requirements for obtaining relief under Rule 60(b) because the Court did not erroneously apply the law applicable to his FOIA complaint.  Federal law is clear that a person requesting documents under FOIA is not entitled to judicial relief once the agency had produced the requested documents, even when its production of documents had been long delayed.  *See e.g.*, *Cornucopia v. United States Dept. of Agriculture*, 560 F.3d 673 (7th Cir. 2009); *Benavides v. Bureau of Prisons*, 993 F.2d 257, 258 (D.C. Cir. 1993); and *Perry v. Block*, 684 F.2d 121, 125 (D.C.Cir.1982).  Another case reached the same result: *Chilivis v. S.E.C.*, 673 F.2d 1205, 1210 (11th Cir. 1982), held that because the federal agency had processed the requested records and instructed plaintiff to make arrangements to view the records, the plaintiff's FOIA motion to release the requested documents had become moot.

In his Rule 60(b) motion, Davidson argues that such precedent is distinguishable because, unlike in those cases, he has not yet received the documents he requested.  However, the BOP had compiled the responsive documents by August 1, 2012, and was awaiting only Davidson's proper payment of the copying charge.  [R. 20]  This minor housekeeping matter does not present a legally viable basis upon which to distinguish a uniform body of federal law. The Court has fully considered the record, and relief under either Rule 59(e) or Rule 60(b) is not warranted.

## 2. Request for Court Costs

Davidson also seeks to recover court costs he incurred in this proceeding, which he states total $793.00.   Recovery of litigation costs under the FOIA fee-shifting provision is subject to a two-step inquiry. *GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449, 451 (6th Cir. 1998).  A district court must

determine both the plaintiff's eligibility for and entitlement to an award of fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E). *Tax Analysis v. United States Department of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992).

A complainant may be eligible to recover attorney fees and litigation costs reasonably incurred in any case where the complainant has "substantially prevailed" pursuant to FOIA § 552(a)(4)(E).[1]   To "substantially prevail," a party must have obtained a "judicially sanctioned change in the legal relationship of the parties," *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Resources*, 532 U.S. 598 (2001).  "[A]n award of attorney's fees is appropriate where a plaintiff has obtained an 'enforceable judgment[ ] on the merits' or a 'court-ordered consent decree.'" *McCoy ex rel. Estate of Roberts v. Federal Bureau of Prisons*, No. 03–383–JBC, 2005 WL 1972600, at *2 (E.D. Ky. Aug. 16, 2005) (citing *Chambers v. Ohio Dep't of Human Servs.*, 273 F.3d 690, 692 (6th Cir.  2001)).  In *McCoy*, this Court held that because the plaintiff had obtained an "enforceable judgment on the merits" in her favor as to part of her FOIA request, she was eligible to receive fees and costs.  *Id.* at *1.

A plaintiff will have "substantially prevailed" if he presents convincing evidence showing that he is "eligible" for an award of costs by:  (1) proving that filing of the FOIA action was reasonably necessary to obtain the information sought; and (2) proving that the action had a substantial causative effect on an ultimate receipt of that information.  *Dixie Fuel Co.*, 136 F. Supp. 2d 659, 662 (E.D. Ky. 2001) (citing *GMRI*, 149 F.3d at 451-52)); *Comer v. I.R.S.*, No.

---

[1]  Davidson withdrew his request for attorneys fees, but even if he had not done so, he could not have recovered attorney's fees because he is proceeding without an attorney. *Wolfel v. United States*, 711 F.2d 66, 68 (6th Cir. 1983); *Falcone v. I.R.S.*, 714 F.2d 646, 647 (6th Cir. 1983) (denying attorney's fees to *pro se* FOIA plaintiffs who also happened to be attorneys).

97–CV–76329–DT, 2002 WL 31835437, at *1 (E.D. Mich. Oct. 30, 2002); *see also Clarkson v. I.R.S.*, 678 F.2d 1368, 1371 (11th Cir. 1982).

In this case, Clinton Stroble admitted in his sworn Declaration that due to a former employee's error which went undetected for two years, the BOP failed to respond to Davidson's FOIA request in a timely fashion.  [R. 13-1, ¶¶ 4-5]  As it is undisputed that Davidson's FOIA request languished in the BOP/FOIA office for two years, and that the BOP responded to Davidson's request for documents only in response to his filing this FOIA action, further analysis of Davidson's *eligibility* to recover his $350.00 filing fee is unnecessary.

However, the Court must separately determine whether, as a matter of equity, Davidson is "entitled" to an award of fees and costs.   Three factors guide this analysis: "(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant and the nature of its interest in the records; and (3) whether the agency's withholding had a reasonable basis in law." *Dixie Fuel Co.*, 136 F. Supp. 2d at 664; (quoting *Detroit Free Press v. D.O.J.*, 73 F.3d 93, 97 (6th Cir. 1996)).  In *Dixie Fuel Co.*, the court determined that the public had a unique interest in the enforcement and vindication of the FOIA, stating that every time an agency disregards its obligation to diligently answer and provide information in response to FOIA requests, the public is harmed. *Dixie Fuel Co.*, 136 F.Supp.2d at 664.  Standing alone, this rationale to the first prong of the entitlement analysis suggests that the BOP's delay in responding to Davidson's FOIA request was unreasonable, and that Davidson would be entitled to court costs.

But analysis of another case, which bears a far stronger factual similarity to Davidson's, strongly indicates that when all three factors of the entitlement test are weighed equally, Davidson is not entitled to his court costs.  In *Wheeler v. I.R.S.*, 37 F. Supp. 2d 407 (W.D. Pa. 1998), the IRS

7

failed to promptly respond to Wheeler's FOIA request and he filed suit.  The court concluded that the plaintiff would not have received the documents he requested but for the litigation he initiated, and that if he had not sued, he would not have known that certain documents were missing and did not exist.  *Wheeler*, 37 F. Supp.2d at 412.  The court noted that several "administrative difficulties" caused the IRS to overlook Wheeler's FOIA request for an extended period of time.  *Id*. at 414. First, IRS employees initially forgot about the plaintiff's FOIA request; then the District Office ignored and/or put the plaintiff's FOIA request on the "back burner;" and finally, the merger between the Pittsburgh and Pennsylvania District Offices caused even more complication and confusion which delayed the agency's response to the plaintiff's FOIA request.  *Id*.

Relying on *Ellis v. United States*, 941 F.Supp. 1068 (D. Utah 1996), the court ultimately concluded that because the government's administrative difficulties did not amount to bad faith, and because Wheeler's underlying FOIA request did not benefit the public in any discernible manner, Wheeler was entitled to neither his attorney's fees nor his court costs.  The court stated:

> As an initial matter, this court finds that the government did not engage in recalcitrant or obdurate behavior and was not in bad faith.  It is troubling that it took the filing of a complaint to refresh one employee's memory as to the IMF–TIF transcripts and catch the attention of another with regard to the Collection Case Files, but neither shows bad faith on the government's part.... Thus, because there was no recalcitrant or obdurate behavior and the government was not in bad faith, the fact that the plaintiff requested the documents for his own personal and commercial benefit and not for any particular public benefit must be weighed against the lack of a reasonable legal explanation by the government for delaying its disclosure until after the plaintiff filed suit.
> ....
> As stated above, the government's administrative difficulties are troubling; however, their unreasonableness is ultimately outweighed by the complete absence of a public benefit....

*Wheeler*, 37 F. Supp. 2d at 415.

Here, Davidson alleges that "taxpayer funds are allotted to the ACA for said audits [of BOP facilities] and inspections" [R. 1, p. 2 ¶ 12]; that "...federal inmates rely on the ACA to correctly audit and inspect and report deficiencies in what they find so that espoused standards are indeed either followed or corrected (or duly recorded)" [*Id*., pp. 2-3, ¶13] and that the documents he requested were not "for his personal benefit." [R. 15, p. 13]  But Davidson has failed to identify what public benefit would result from awarding his costs in this FOIA action, and broad pronouncements of a public benefit from the disclosure of documents to an individual prisoner are unconvincing.

When considering the first factor of the entitlement analysis, courts focus on the degree of dissemination and likely public impact that might be expected from the production of the records sought by a particular plaintiff.  *Church of Scientology of California v. United States Postal Service*, 700 F.2d 486, 493  (9th Cir.  1983).  Davidson claims that he lacked any personal interest or benefit in seeking documents relative to the ACA audit of FMC-Lexington, but his own statements belie that assertion.  In his complaint, Davidson alleged that he "attempted to obtain standards in certain areas, from the ACA, in order to make informed comments to the ACA in advance of the ACA's audit and visit to the FMC," [R. 1, p. 2, ¶ 9], and further stated that "...*federal inmates* rely on the ACA to correctly audit and inspect and report deficiencies in what they find so that espoused standards are indeed either followed or corrected (or duly recorded)."  [*Id*., pp. 2-3, ¶ ¶13 (emphasis added)].

These statements demonstrate that despite Davidson's disclaimer of personal interest in seeking documents about the ACA audit through FOIA, his request primarily advanced his personal interest as a federal inmate, not the public's benefit.  Davidson's reference to "federal inmates" as a whole fares no better, as prisoners are not considered a protected class of persons under the U.S.

9

Constitution. *Carnes v. Engler*, 76 F. App'x 79, 81 (6th Cir. 2003); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Davidson alleged that "taxpayer funds are allotted to the ACA for said audits [of BOP facilities] and inspections" [R.1, p. 2 ¶ 12]. While Davidson's statements explain his *own* motivation as a federal inmate for seeking the ACA documents - to learn if FMC-Lexington complied with the ACA's criteria - he identified no public interest which would be served by the disclosure of the records he requested.

The FOIA, however, is intended to inform the public about the nature of governmental operations, *see Tax Analysts v. United States Department of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992); *Aviation Data Serv.*, 687 F.2d 1319 (10th Cir. 1982), not to subsidize or otherwise benefit private litigants and/or to bring the government into compliance with the FOIA. *Ellis v. United States*, 941 F.Supp. 1068, 1078 (D. Utah 1996); *Aviation Data Serv.*, 687 F.2d at 1323; *Blue v. Bureau of Prisons*, 570 F.2d 529, 533 (5th Cir. 1978). The FOIA is meant to "assist the citizenry generally in making an informed judgment as to governmental operations." *Aviation Data Serv.*, 687 F.2d at 1323.

In *Ellis*, to prepare for the launch of a $24.5 million suit under the Federal Tort Claims Act, the plaintiffs requested various documents under FOIA that related to the drowning of two hikers in Zion National Park. Although the government initially turned over some documents, it withheld most of the documents for various reasons including clerical error, improper assertion of exemptions and what the government called "unavoidable delay in the administrative process" due to the volume of FOIA requests. *Ellis*, 941 F.Supp. at 1078. Almost four months after mailing the FOIA requests, the plaintiffs filed suit under FOIA and the FTCA. Thereafter, the government began producing many of the documents earlier withheld, but the plaintiffs filed a motion for fees and costs.

10

After holding that the plaintiffs had substantially prevailed, the court balanced the four factors.  The court concluded that the benefit to the public was very minimal, stating, "[a]lthough there may have been some slight public benefit in bringing the government into compliance with FOIA and providing information of general interest to the public, the disclosure of the records did not add to the fund of information necessary to make important political choices." *Id*. at 1078.  The court determined that the plaintiffs instead sought the information only for their own personal benefit. *Id*.; *see also Abernathy v. I.R.S.*, 909 F. Supp. 1562, 1569 (N.D. Ga. 1995) (concluding that the plaintiff's personal motivation for filing his FOIA action outweighed any public interest that might result from the disclosure of the requested records).

While some public interest might result from providing Davidson with the documents he requested from the BOP relative to the ACA audit, or the citizenry might be generally assisted in making an informed judgment about governmental operations, the key word is "might," not "is" or "will."  The Court is left to speculate about the nature and extent of  the benefit to the public, as Davidson has not identified what the public interest is or how the disclosure of the requested documents would benefit the public.  Further, as to ACA audits, one court has observed:

> "...[T]he ACA's accreditation program is completely voluntary, and the State has no control or power of the ACA.....Likewise, the ACA has no authority to require a correctional facility to seek accreditation, to adopt any procedures or to change any existing procedures.
> . . . .
>
> ... The ACA is a private, non-profit, nongovernmental, educational organization....
> As previously stated, the state facilities' decision to apply for accreditation through the ACA is completely voluntary, and the ACA cannot force the facilities to adopt or change any procedures because they are not in compliance with the ACA standards.  (footnotes omitted).

*Morgan v. Mississippi*, No. 2:07cv15-MTP, 2008 WL 449861, at *3-4 (S.D. Miss. Feb. 14, 2008).

11

Thus, under the second prong of the entitlement analysis, the nature of Davidson's interest in the ACA records appears to be strictly private in nature. Davidson's personal motivation for filing this FOIA action outweighs any minimal or incidental public impact that may result from the BOP's failure to promptly provide him with the requested documents.

The third prong of the entitlement analysis requires the Court to determine if the BOP's withholding had a reasonable basis in law. This factor "seeks to discourage obdurate behavior on the part of the government and weed out those cases where the government was recalcitrant in its opposition to plaintiff's FOIA request." *McCoy*, 2005 WL 1972600, at *2 (citing *Piper v. Dep't of Justice*, 339 F. Supp. 2d 13, 22 (D.D.C. 2004)). As in *Wheeler*, the BOP's delay in responding to Davidson's FOIA request was quite lengthy, but it resulted from an employee leaving the BOP and lack of supervisory and administrative oversight, not bad faith. The delay did not stem from the BOP's "recalcitrance" in opposing Davidson's FOIA request.

The Court must balance all three of the above considerations in determining whether Davidson is entitled to court costs. *See Dixie Fuel*, 136 F. Supp. 2d at 664 (balancing the benefit to the public versus the plaintiff's personal and commercial benefit from obtaining documents under FOIA under the entitlement analysis). Having considered the facts of the case and the guidance provided by *Wheeler*, *Ellis* and *Abernathy*, the Court will award Davidson the $350.00 he paid for the filing fee required under 28 U.S.C. § 1914, but will deny the remaining amounts Davidson requests.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1.      Clifton B. Davidson's "Motion for Rule 60(b) Relief" [R. 26] is **DENIED**.

12

       2.      Within 45 days, the BOP shall pay Davidson the sum of $350.00 and file a Notice in the record informing the Court that it has done so.

       This March 19, 2013.



**Signed By:**

**_Karl S. Forester_** $K \, S \, F$

**United States Senior Judge**