```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                             AT LEXINGTON
```

**CIVIL ACTION NO. 5:11-cv-309 (WOB)**

**CLIFTON B. DAVIDSON**                                              **PLAINTIFF**

**VS.**

**BUREAU OF PRISONS, ET AL.**                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for enforcement of a previous court order, Doc. 37. The Government has not filed a response. After reviewing Plaintiff's motion, the Court has determined that oral argument is unnecessary. For the following reasons, the Court denies the motion.

### I. FACTS[1]

On March 19, 2013, this Court entered a Memorandum Opinion and Order denying Plaintiff's Rule 60(b)(6) motion for relief from the Court's prior entry of summary judgment in favor of the Bureau of Prisons ("BOP"). Doc. 30; *see also* Doc. 24. Despite the fact that the order denied Plaintiff relief under Rule 60, this Court did issue the following directive to the BOP: "Within 45 days, the BOP shall pay Davidson the sum of $350.00 and file a Notice in the record informing the Court that it has done so." Doc. 30, at 13.

In compliance with the Court's order, on May 2, 2013, Assistant United States Attorney ("AUSA") Andrew Sparks filed a Notice in the

---

[1] Because the Court recounted in detail the factual background of this case when ruling on Plaintiff's Rule 60(b)(6) motion in March of 2013, Doc. 30, this Order will discuss only the facts relevant to resolution of the instant motion.

record that stated as follows: "Pursuant to the Court's Order of March 19, 2013 [Record No. 30] the undersigned has been advised that on May 2, 2013, the Bureau of Prisoners certified $350 for payment to the Plaintiff. This amount will be processed into the Plaintiff's inmate account." But Plaintiff claims that this $350 sum never made it to his inmate account. Doc. 37, at 2.

On May 20, 2013, Plaintiff filed a Notice with the Court alleging that the BOP had not complied with the Court's previous order because Plaintiff had not received the money owed him. Doc. 32. Plaintiff states that he then sent four (4) letters to the Financial Litigation Unit at the U.S. Attorney's Office in Springfield, IL, only two of which received responses. Doc. 37, at 3.

Attached to the motion is the Government's response to Plaintiff's letter of September 16, 2014. Doc. 37-5. In that letter, the Government informed Plaintiff that the U.S. Attorney's Office had used the $350 payment from BOP as an administrative offset towards the restitution that Plaintiff owes from a prior criminal conviction in federal court. *Id.*

After receiving the Government's response and then attempting to communicate directly with AUSA Sharp about this issue, Plaintiff filed the instant motion on March 27, 2015. Doc. 37, at 3.

Importantly, Plaintiff also attached to his motion a letter that he received from the Department of Justice ("DOJ") in January of 2011, entitled "U.S. Department of Justice Administrative Offset Notice." Doc. 37-2, at 1. In that letter, DOJ informed Plaintiff that it had the right "to reduce or withhold" any eligible payment to him for the

2

purposes of satisfying the restitution that he owes as a result of his criminal conviction.  *Id.*  The letter further stated:

> To avoid referral of your debt to the Treasury Offset Program, within 60 calendar days from the date of this notice you must: (1) pay your debt in full; (2) enter into a repayment agreement; or (3) present evidence that all or part of the criminal or the civil judgment debt is not past due or that the judgment debt has been stayed or satisfied.
>
> . . .
>
> If you fail to take any of the above steps within the 60 day time period, the Department of Justice will refer the debt to the Department of the Treasury and any and all payments due to you from the Federal government will be offset to pay the amount of your judgment debt.

*Id.* at 1-2.

## II. ANALYSIS

The Court construes Plaintiff's motion as a challenge to the Government's use of the Treasury Offset Program with respect to the $350 payment this Court directed BOP to make to him.  Plaintiff raises three arguments in support of his motion:  (1) that he already had a "repayment agreement" with DOJ; (2) that the authority on which the U.S. Attorney's Office relied speaks in terms of "substantial" assets, which does not include a settlement payment for $350; and (3) that the Government's action expressly violated the order of this Court and what the U.S. Attorney's Office stated would happen to the $350 payment.  Doc. 37, at 5.

The Government established the Treasury Offset Program pursuant to 31 U.S.C. § 3716 and 31 C.F.R. § 285.5.  Those provisions of federal law permit "the head of an executive, judicial, or legislative agency" to collect debts owed to the United States "by administrative offset" after following certain procedures.  31 U.S.C. § 3716(a).  One

3

of those procedures includes giving the debtor "an opportunity to make a written agreement *with the head of the agency* to repay the amount of the claim."  *Id.* § 3716(a)(4) (emphasis added).[2]

Plaintiff argues that he had a repayment agreement with DOJ before this Court ordered BOP to pay him $350, citing his participation in the Inmate Fiscal Responsibility Program ("IFRP"), 28 C.F.R. § 545.10-11.  But Plaintiff's participation in IFRP, a BOP program, does not establish that he had a repayment agreement with the head of the U.S. Attorney's Office for the Central District of Illinois covering the amount that he owes in restitution.  The IFRP, by its terms, is not an agreement between Plaintiff and DOJ.  Plaintiff's first argument is thus unavailing.

Plaintiff next argues that the provision of law on which the Government relied in its response to his administrative inquiry, 18 U.S.C. § 3664(n), does not permit the Government to offset the $350 this Court ordered BOP to pay him because $350 is not a "substantial" sum within the meaning of the statute.  But that statute states that "substantial resources from any source, *including inheritance, settlement, or other judgment,* [received] during a period of incarceration," shall be applied "to any restitution . . . still owed."  *Id.* (emphasis added).  Plaintiff's argument that $350 does not constitute "substantial" resources is thus belied by the language of

---

[2] The regulations implementing § 3716 include "subagency" within the definition "agency."  31 C.F.R. § 285.5(b).  The Court therefore finds that the United States Attorney's Office for the Central District of Illinois, the relevant "agency," may participate in the Treasury Offset Program.

the provision, which expressly includes any judgment. Plaintiff's second argument therefore is also unavailing.

Plaintiff finally argues that the Government's use of the Treasury Offset Program on these facts violates the previous order of this Court. The Court disagrees. The prior order of the Court directed the BOP to pay Plaintiff $350. The BOP complied with this order, as evidenced by the fact that the Treasury Department's Financial Management Service sent Plaintiff a letter informing him that "[it] applied all or part of [his] Federal payment to a debt." Doc. 37-4. The fact that another provision of federal law authorized the Government to apply this payment to Plaintiff's restitution does not result in a violation of this Court's order.

### III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for enforcement of a previous court order.

Therefore, the Court being advised,

**IT IS ORDERED THAT** Plaintiff's motion, Doc. 37, be, and is hereby, **denied.**

This 5th day of May, 2015.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge

5